UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN ROBERTS,<br>    Petitioner,<br><br>v.<br><br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF MONTGOMERY COUNTY;<br>THE ATTORNEY GENERAL OF<br>THE STATE OF PENNSYLVANIA; and<br>SUPERINTENDENT KEVIN KAUFFMAN,<br>DEPT OF HOMELAND SECURITY/SEC OF STATE,<br>    Respondents. | No. 2:18-cv-02562 |

**O R D E R**

**AND NOW**, this 26th day of September, 2018, after de novo review of Petitioner Calvin Roberts's petition for writ of habeas corpus, ECF No. 2; the Report and Recommendation ("R&R") of Magistrate Judge Timothy R. Rice, ECF No. 9; Robert's Motion for Leave to File an Amended Complaint, ECF No. 10; and Robert's objections to the R&R, ECF No. 13, **IT IS HEREBY ORDERED THAT**:

    1.    The Report and Recommendation, ECF No. 9, is **APPROVED and ADOPTED**;[1]

    2.    The objections, ECF No. 13, to the Report and Recommendation are **OVERRULED**;[2]

---

[1] When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

[2] In his objections, Roberts does not challenge Magistrate Judge Rice's time calculations. Rather, Roberts argues that he is entitled to equitable tolling because counsel was ineffective by pressuring him into withdrawing his PCRA appeal. However, even if this is true, Roberts still

3. The petition for writ of habeas corpus, ECF No. 2, is **DISMISSED with prejudice**;

4. The Motion for Leave to File an Amended Complaint, ECF No. 10, is **DENIED**;[3]

5. The application for leave to proceed *in forma pauperis*, ECF No. 11, is **DENIED as moot**;[4]

6. There is no basis for the issuance of a certificate of appealability;[5] and

7. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

had eighty-three (83) days left to file a timely habeas corpus petition, but he waited two hundred thirty-two (232) days before filing for federal habeas relief. Roberts has offered no explanation for his delay, nor has he attempted to show that he acted with due diligence after allegedly being pressured into withdrawing his appeal. He is therefore not entitled to equitable tolling. *See Cruz-Hernandez v. Thomas*, No. 11-2978, 2012 U.S. Dist. LEXIS 97129, at *20 (E.D. Pa. July 11, 2012) (determining that the petitioner, who had a limited understanding of the English language and only completed the sixth grade, had not demonstrated extraordinary circumstances to warrant equitable tolling because despite the alleged inadequacies of counsel's representation on appeal from the PCRA court, the petitioner failed to take any action to protect his own appellate rights). Although Roberts also suggests that he is actually innocent, he cites to the admission of allegedly prejudicial evidence and an alleged Brady violation, and fails to show actual innocence. *See Thompson v. Garman*, No. 17-3860, 2018 U.S. Dist. LEXIS 73263, at *19 (E.D. Pa. Apr. 27, 2018) (holding that evidence of an alleged Brady violation did not support the petitioner's actual innocence argument for equitable tolling).

[3] In his Motion for Leave to File an Amended Complaint, Roberts requests leave to submit additional information to support the merits of his habeas claims. However, the habeas petition is being dismissed as untimely, and the additional evidence Roberts asks to submit does not alter the untimeliness calculation or this Court's conclusions on tolling.

[4] Roberts was previously given leave to proceed in forma pauperis. *See* ECF No. 7.

[5] "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA [certificate of appealability] must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Roberts has not made this showing.